HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUNICH RE SPECIALTY INSURANCE (UK) LTD.; | Case No.1:25-cv-10638 |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| RCS LOGISTICS (SHANGHAI) CO. LTD. and ZIM INEGRATED SHIPPING SERVICES LTD.; | |
| Defendants. | |

Plaintiff MUNICH RE SPECIALTY INSURANCE (UK) LTD. ("Munich Re"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendants RCS LOGISTICS (SHANGHAI) CO. LTD. and ZIM INTEGRATED SHIPING SERVICES LTD., alleges upon information and belief as Follows:

1.     This subrogation action arises from loss or damage to cargo transported by ocean carriage from India to the United States.

2.     This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3.     At all times relevant hereto, Plaintiff Munich Re was and now is a business entity duly existing at law, with an office and place of business at 2-10 Albert

Square, Manchester, UK and was the insurer of a shipment of garments (the "Cargo") that is the subject of this lawsuit. Pursuant to an insurance claim made under a policy of marine cargo insurance issued in favor of and/or the benefit for Bradshaw Taylor Ltd. ("BTL") and/or BTL's affiliates ("the Insureds") and prior to the commencement of this action, Munich Re reimbursed BTL/Insureds for the loss of and damage to the Cargo, thereby becoming subrogated to all of the rights of BTI and the Insureds as against third parties who were or may have been responsible for the loss that gave rise to the insurance claim.

4.     At all times relevant hereto, Defendant RCS LOGISTICS (SHANGHAI) CO. LTD. ("RCS") was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 9009 Perimeter Woods Drive, Suite H, Charlotte, NC.

5.     At all times relevant hereto, Defendant ZIM INTEGRATED SHIPING SERVICES LTD. ("Zim") was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 5801 Lake Wright Drive, Norfolk, VA.

6.     At all times relevant hereto, Defendant RCS was and now is engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI"), registered with the U.S. Federal Maritime Commission), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

7.    At all times relevant hereto, Defendant Zim was and now is engaged in business as a vessel operating common carrier and/or slot charterer of space on an ocean vessel pursuant to a vessel sharing agreement under which Zim agreed to stand in the shoes of the vessel operating common carrier.

8.    In or about November 2024, the Cargo was tendered by BTI and/or its supplier to RCS at the port of Chennai, India, in good order and condition, and in all ways fit and suitable for ocean carriage, which RCS accepted and agreed to transport to Charlotte, NC, by way of the Port of New York, and for which RCS issued house bill of lading number SEMAA110992 and agreed to transport on board the M/V SM MAHI.

9.    RCS subsequently booked ocean carriage with Zim on board the M/V SM MAHA, and Zim accepted the cargo in good order and condition and issued master sea waybill number ZIMUMAA6068781, for carriage from Kattupalli Port, Chennai, India, to New York.

10.    In or about December 2024, the Cargo was discharged from the vessel in New York, followed by inland transit to Charlotte, NC.

11.    Up arriving at the destination in Charlotte, the cargo was discovered to have suffered extensive physical damage.

12.    All obligations and conditions precedent to be performed by the shippers, consignees, and/or owners of the Cargo, including Munich Re's subrogor(s), and/or Plaintiff Munich Re as subrogee, have been performed, waived, or otherwise excused, including the payment of freight.

13.    Plaintiff Munich Re brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargo, as their respective interests may ultimately appear, whether through subrogation, assignment, agency, or otherwise, and Plaintiff Munich Re is entitled to maintain this action.

14.    Venue is proper in the Honorable Court, in that (1) the standard terms and conditions included in Zim's sea waybill call for mandatory jurisdiction in this Court; (2) the standard terms and conditions included in RCS's bill of lading call for mandatory jurisdiction in the United States; and (3) the Cargo at issue was shipped through the Port of New York such that a substantial part of the events or omissions giving rise to the claims here occurred within the meaning of 28 U.S.C. § 1391(b)(2).

## AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST RCS

15.    Plaintiff Munich Re repeats and realleges each and every allegation of Paragraphs 1 through 14 as if fully set for herein.

16.    Defendant RCS (and/or its agents, servants, and/or subcontractors) failed to deliver the Cargo to its destination in the same good order and condition as received at the time of initial shipment.

17.    By reason of the premises, Defendant RCS (and/or its agents, servants, and/or subcontractors, for whom Defendant RCS is responsible) breached its statutory, contractual, and/or common law duties and obligations as carrier and/or bailee of the Cargo; was negligent and careless in its handling of the Cargo; and otherwise is liable for the losses and damages described herein.

18.    By virtue and to the extent of the payments to the shippers, consignees, and/or owners of the Cargo, Plaintiff Munich Re became subrogated to all of their respective rights, remedies, and claims for relief in relation to the Cargo, including those asserted against Defendant RCS herein.

19.    By reason of the premises, including the actionable fault of Defendant RCS, Plaintiff Munich Re has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate amount of $73,600.00.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST ZIM

20.    Plaintiff Munich Re repeats and realleges each and every allegation of Paragraphs 1 through 14 as if fully set for herein.

21.    Defendant Zim (and/or its agents, servants, and/or subcontractors) failed to deliver the Cargo to its destination in the same good order and condition as received at the time of initial shipment.

22.    By reason of the premises, Defendant Zim (and/or its agents, servants, and/or subcontractors, for whom Defendant Zim is responsible) breached its statutory, contractual, and/or common law duties and obligations as carrier and/or bailee of the Cargo; was negligent and careless in its handling of the Cargo; and otherwise is liable for the losses and damages described herein.

23.    By virtue and to the extent of the payments to the shippers, consignees, and/or owners of the Cargo, Plaintiff Munich Re became subrogated to all of their

respective rights, remedies, and claims for relief in relation to the Cargo, including those asserted against Defendant Zim herein.

24.    By reason of the premises, including the actionable fault of Defendant Zim, Plaintiff Munich Re has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate amount of $73,600.00.

WHEREFORE, Plaintiff Munich Re prays:

i.    that process be issued against Defendants in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

ii.    that judgment be entered against Defendants on Plaintiff's Claims for Relief in the amount of $73,600.00, together with interests and costs of suit;

iii.    for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated:  New York, New York
         December 23, 2025

                                        HILL RIVKINS LLP,
                                        *Attorneys for Plaintiff*
                                        *MUNICH RE SPECIALTY*
                                        *INSURANCE (UK) LTD.*

                            By:

                                        John J. Sullivan
                                        45 Broadway, Suite 2110
                                        New York, NY 10006
                                        Tel: (212) 669-0600
                                        Email: jsullivan@hillrivkins.com

6